[No. 2639.  Decided January 8, 1898.]

W. E. BRAMEL *et al., Appellants,* v. B. F. MANRING, *as Treasurer of Whitman County, Respondent.*

TAXATION — DEDUCTION OF DEBTS FROM CREDITS — BANK STOCK — DISSOLUTION OF BANK — DISTRAINT FROM TAXES.

A stockholder in a state bank has a right to have his share of the capital stock included in the sum of his credits from which his debts may be deducted in making up his assessment for taxation.

The dissolution of a banking corporation by order of court would not operate as a discharge from liability for taxes assessed against its capital stock, which had become a fixed and primary lien prior to dissolution.

The liability of a dissolved banking corporation for unpaid taxes may be enforced by the county treasurer by distraint and levy upon property in the hands of trustees for the stockholders and creditors of such corporation, and the treasurer is not relegated to suit to enforce same.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM MCDONALD, Judge.  Reversed.

*Wyman & Neill, W. H. Harvey,* and *C. M. Stearns,* for appellants.

The opinion of the court was delivered by

REAVIS, J.—The Farmers' and Traders' Bank of Pullman, a state bank, was dissolved as a corporation by an order of the superior court of Whitman county on the 16th day of March, 1896, on proceedings had therein for that purpose. The appellants were the directors of the corporation before, and at the time of, the dissolution and became the trustees for the stockholders and creditors of the corporation, and as such trustees commenced this action in the superior court. Taxes were duly levied and assessed by the authorities of Whitman county for the year 1895 upon the shares of the capital stock of the bank owned by its stockholders. The stockholders of the bank respectively demanded the deduction of their debts from the sum of their credits, including shares in capital stock of the bank. The assessor and board of equalization refused to allow such deductions. This suit was commenced by appellants to enjoin the county treasurer as tax collector from levying upon the property of the corporation now in the custody of the appellants as trustees for its creditors and stockholders. A general demurrer to the complaint was sustained by the superior court. The right of a stockholder in a state bank to have his share of the capital stock included in the sum of his credits from which his debts shall be deducted has been determined in favor of the contention of appellants in the case of *Pullman State Bank v. Manring, ante,* p. 250.

Appellants also maintain that the order of the superior court dissolving the corporation is a judgment *in rem* and was a conclusive determination that all claims against the corporation were discharged, and the fact of the existence of such claims was necessarily passed upon by the court at the time such order was made, under section 1519, 1 Hill's Code (Bal. Code, § 4275), and therefore that the property in the possession of appellants was exonerated from the

claim for unpaid taxes. But the liability against the bank for the taxes assessed against its capital stock to the shareholders had become fixed and a primary one before the dissolution of the corporation. We do not agree with the contention of appellants that such liability can only be enforced by suit, but when due the county treasurer may enforce the liability by distraint and levy upon any property subject to the tax, and the county treasurer in this case could properly levy upon the property in the possession of the appellants for the unpaid tax. *Hewitt v. Traders' Bank, ante,* p. 326.

Plaintiffs do not claim the tax has been paid. But for the failure to allow the deduction claimed by the stockholders of their debts respectively from their credits, including the bank stock, the cause must be reversed with directions to the superior court to overrule the demurrer to the complaint and to determine upon proof the amount of such deductions. And for any tax remaining unpaid after such deductions the respondent will have the right to maintain the levy upon the property seized for the payment thereof.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.